UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MORGAN FLETCHER BENFIELD,<br><br>          Plaintiff,<br><br>    v.<br><br>NEXT LEVEL MARKETING,<br><br>          Defendant. | CASE NO. C22-5681 BHS<br><br>ORDER |

This matter comes before the Court on Defendant Next Level Marketing's ("NLM") Motion to Dismiss, Dkt. 5, and Plaintiff Morgan Fletcher Benfield's Motion for Leave to File Amended Complaint, Dkt. 8.

Benfield alleges that NLM surreptitiously crashed his law firm's website after he fired NLM, causing $191,000 in business losses and $6,000 in website repair costs. Dkt. 1 at 4. He also alleges that because he lost so much business, he was forced to sell his home, paid $31,000 in real estate transaction costs, and paid $3,000 for mental health services for the stress caused by NLM. *Id.* He argues that NLM violated the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, and caused him significant losses. He seeks $231,000 in compensatory damages. *Id.* at 5.

ORDER - 1

NLM moves to dismiss Benfield's complaint, arguing it is improper for four reasons. First, it argues that Benfield lacks standing to sue because his law firm suffered the claimed injuries, not Benfield himself.[1] Dkt. 5 at 5–7. Second, NLM argues that the Western District of Washington is an improper venue because it is a Florida company headquartered in Florida and its alleged actions occurred in Florida. *Id.* at 7–12. It argues that the complaint should be dismissed for improper venue or, in the alternative, transferred to the Southern District of Florida. *Id.* Third, NLM argues that, even if Benfield substituted the proper plaintiff, Benfield PLLC, the law firm is subject to a mandatory arbitration clause under its agreement with NLM. *Id.* at 13. Fourth, NLM argues that Benfield fails to state a claim, advancing only a "shotgun pleading." *Id.* at 13–17.

In response to NLM's motion to dismiss, Benfield moves to amend his complaint under Federal Rule of Civil Procedure 21 to substitute The Law offices of Morgan Fletch Benfield PLLC as the plaintiff. Dkt. 8. He agrees that he was "misjoined in error" and that his law firm is the correct plaintiff. *Id.* NLM did not oppose Benfield's motion.

Under Federal Rule of Civil Procedure 15(a)(1)(B), "[a] party may amend its pleading once *as a matter of course* within . . . 21 days after service of a motion under Rule 12(b)." (emphasis added). Further, "[m]isjoinder is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. An amended complaint moots a motion to dismiss directed at

---

[1] While Benfield himself suffered some of the damages, NLM argues that such damages are "personal injury" damages and are not recoverable under the CFAA. Dkt. 5 at 7.

ORDER - 2

the original complaint. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); *see also Barnes v. District of Columbia*, 42 F. Supp. 3d 111, 117 (D.D.C. 2014) ("When a plaintiff files an amended complaint as of right . . . the amended complaint becomes the operative pleading . . . and any pending motion to dismiss becomes moot.").

Benfield was entitled to amend his complaint as a matter of course and his motion is unopposed. His Motion for Leave to Amend, Dkt. 8, is therefore **GRANTED** and NLM's Motion to Dismiss, Dkt. 5, is **DENIED as moot**. As an additional note, while Benfield was entitled to represent himself pro se, he must be admitted to practice in this court to proceed in representing his law firm.

Dated this 28th day of November, 2022.

BENJAMIN H. SETTLE
United States District Judge