UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAW OFFICES OF MORGAN FLETCHER BENFIELD PLLC,<br><br>Plaintiff,<br><br>v.<br><br>NEXT LEVEL MARKETING,<br><br>Defendant. | CASE NO. C22-5681 BHS<br><br>ORDER |

This matter comes before the Court on Defendant Next Level Marketing's Motion to Dismiss and Compel Arbitration, Dkt. 15.

The factual and procedural background of this case is detailed in the Court's recent order granting Next Level's motion to compel in part and reserving ruling in part. *See* Dkt. 22. In short, Plaintiff Law Office of Morgan Fletcher Benfield PLLC hired Next Level to perform marketing and pay-per-click services for the benefit of the firm's website. Dkt. 15 at 4. The parties' contract contains the following arbitration clause: "The parties to this Agreement will submit all disputes arising under this Agreement to arbitration in Fort Lauderdale, Florida . . . ." *Id.*, Ex. A, ¶ 23. Benfield alleges that Next

ORDER - 1

Level purposely crashed the law firm's website in retaliation after it terminated the company, violating the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, committing conversion, and violating Washington's Consumer Protection Act ("CPA"). Dkt. 16-1.

Next Level moves to compel arbitration under the arbitration clause in the parties' contract. Dkt. 15. Benfield moved to amend its complaint in response, adding conversion and CPA claims. Dkt. 16. The Court granted Benfield's motion to amend and granted Next Level's motion to compel arbitration as to Benfield's CFAA claim. Dkt. 22. It reserved ruling on Next Level's motion to compel arbitration of Benfield's two new claims and ordered the parties to provide supplemental briefing on that issue. *Id.*

Next Level timely filed its opening brief, Dkt. 24, and Benfield did not respond. Next Level has also moved to dismiss Benfield's two new claims. *See* Dkt. 23. "Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Local Rules, W.D. Wash. LCR 7(b)(2).

Next Level argues that Benfield's CPA and conversion claims arise under the agreement because they "require both an interpretation of the Agreement and an analysis of the parties' performance—or lack thereof—under the Agreement." Dkt. 24 at 3–7. It argues in the alternative that even if the claims do not "arise under" the Agreement, they are so intertwined with Benfield's CFAA claim that they should be arbitrated, or the Court should enter a stay. *Id.* at 7–8.

1       Arbitration agreements are treated like other contracts; "there is no strong federal policy favoring enforcement of arbitration agreements." *Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1014 (9th Cir. 2023) (internal quotation omitted) (discussing *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1713–14 (2022)). "[T]he phrase 'arising under' in an arbitration agreement should be interpreted narrowly." *Cape Flattery Ltd. v. Titan Maritime, LLC*, 647 F.3d 914 (9th Cir. 2011). The phrase relates to only those claims involving "the interpretation and performance of the contract itself." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1464 (9th Cir. 1983). "The fact that [a] tort claim would not have arisen 'but for' the parties' . . . agreement is not determinative." *Tracer Research Corp. v. Nat'l Env't Servs. Co.*, 42 F.3d 1292, 1295 (9th Cir. 1994). It depends on whether resolution of the dispute would require interpretation of the contract. *Id.*

      The Court agrees with Next Level that adjudication of Benfield's CPA and conversion claims require interpretation of the parties' contract and therefore "arise under" the Agreement. Like its CFAA claim, the viability of Benfield's conversion and CPA claims depend on whether Next Level was authorized to access the website or had ownership of the website at the time. *See* Dkt. 24 at 3–7; *see also* Dkt. 22 at 5–7. Thus, the claims "arise under" the parties' Agreement.

      Therefore, it is hereby **ORDERED** that Defendant Next Level Marketing's Motion to Compel Arbitration, Dkt. 15, is **GRANTED** and its Motion to Dismiss Benfield's Second Amended Complaint, Dkt. 23, is **DENIED as moot**. The Clerk is **DIRECTED** to stay this action pending arbitration. The parties are **ORDERED** to

ORDER - 3

proceed with arbitration in accordance with the terms of the Agreement and to file a **JOINT STATUS REPORT** in 90 days or within two weeks of the completion of arbitration, whichever is sooner.

Dated this 4th day of May, 2023.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge